1  Drew R. Hansen, Esq. (State Bar No. 218382)
   Kenneth E. Johnson, Esq. (State Bar No. 115814)
2  Walter Peña, Esq. (State Bar No. 247469)
   THEODORA ORINGHER PC
3  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California 92626-7109
4  Telephone: (714) 549-6200
   Facsimile: (714) 549-6201
5
   Attorneys for defendant
6  CARDINAL LOGISTICS
   MANAGEMENT CORPORATION
7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | JUSTIN HOLMBY, on behalf of himself, all    Case No. ___3:15-CV-3382___
12 | others similarly situated, and on behalf of the
   | general public,                              **CLASS ACTION NOTICE OF**
13 |                                              **REMOVAL**
   |                    Plaintiff,
14 |
   |         vs.
15 |
   | CARDINAL LOGISTICS MANAGEMENT
16 | CORPORATION,    and    DOES    1-100,
   | INCLUSIVE,
17 |
   |                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

982521/81315.05002

*CLASS ACTION NOTICE OF REMOVAL*

**PLEASE TAKE NOTICE** that Defendant CARDINAL LOGISTICS MANAGEMENT CORPORATION ("Defendant") hereby timely removes Case No. RG15774954 from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1453 and in accordance with the Class Action Fairness Act, 28 U.S.C. § 1332(d).  As grounds for removal, Defendant respectfully states as follows:

## I.   INTRODUCTION

1.   On or about June 22, 2015, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled "JUSTIN HOLMBY, on behalf of himself, all others similarly situated, and on behalf of the general public, vs. CARDINAL LOGISTICS MANAGEMENT CORPORATION, and DOES 1-100, INCLUSIVE," Case No. RG15774954 (the "State Court Action").  *Declaration of Drew R. Hansen* ("*Hansen Decl.*" which is attached as Exhibit 1 hereto), ¶ 2, Ex. A ("Complaint").  Plaintiff served Defendant with a copy of the Complaint in the State Court Action on June 30, 2015.  *Hansen Decl.*, ¶ 3.

2.   Plaintiff's Complaint alleges, among other things, that Defendant has a policy of (i) failing to pay compensation for all time worked in violation of sections 200, 221, 222, and 223 of the California Labor Code (the "Labor Code"); (ii) failing to provide meal periods or pay compensation in lieu thereof in violation of sections 226.7 and 512 of the Labor Code; (iii) failing to authorize and permit rest periods or pay compensation in lieu thereof in violation of section 226.7 of the Labor Code; (iv) intentionally failing to comply with employee wage statement provisions in violation of sections 226, 1174, and 1175 of the Labor Code; (v) failing to reimburse and/or indemnify plaintiff and the class members for business expenses, and illegally deducting wages, earned bonuses and/or incentives in violation of sections 221 and 2802 of the Labor Code; (vi) failing to pay all wages due at the time of termination from employment in violation of sections 201, 202, and 203 of the

THEODORA ORINGHER
COUNSELORS AT LAW

1   Labor Code; and (vii) conducting unlawful activity in violation of section 17200 *et*

2   *seq.* of the California Business and Professions Code.

3       3.    Based on these alleged violations, Plaintiff seeks for himself and an

4   alleged putative class compensatory damages, economic and/or special damages,

5   compensation due, damages, waiting time penalties, restitution, disgorgement,

6   specific performance, an injunctive order, attorneys' fees and costs, and interest

7   accrued to date.

8       4.    Copies of all the pleadings and papers filed in the Superior Court of

9   Alameda County, California, of which Defendant is aware, including Defendants'

10  answer to the Complaint filed on July 21, 2015, are attached as Exhibits A, B, and C

11  to the Declaration of Drew R. Hansen.

12  **II.**    <u>**ORIGINAL JURISDICTION**</u>

13      5.    This action is removable under section 1453 of title 28 of United States

14  Code.  Section 1453 provides for the removal of state court civil actions over which

15  United States district courts have original jurisdiction.  As explained in more detail

16  below, this Court has original jurisdiction over this case under the Class Action

17  Fairness Act, 28 U.S.C. section 1332(d)(2), because at least one plaintiff and one

18  defendant are citizens of different states, and this is a class action in which the

19  alleged putative class includes at least 100 members, and the amount in controversy

20  exceeds $5,000,000, exclusive of interest and costs.  For these reasons, this action is

21  removable pursuant to section 1453, which provides that a class action may be

22  removed to federal court in accordance with section 1446 of the United States Code.

23      **A.**    **The Diversity Of Citizenship Requirement Is Satisfied**

24      6.    Plaintiff alleges he is a resident of California.  See Complaint ¶ 21.

25  Plaintiff is therefore a citizen of California.

26      7.    Defendant is a North Carolina corporation with its principal place of

27  business located in North Carolina.  *Declaration of Holly Hardie* ("*Hardie Decl.*"),

28  ¶ 2, attached as Exhibit 2 hereto; *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181,

1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination"). Defendant is therefore a citizen of North Carolina.

8.     Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability. See 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F. 2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction).  Thus, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one plaintiff and one defendant are citizens of different states.

**B.     The Alleged Putative Class Includes At Least 100 Members**

9.     Plaintiff defines the putative class in the Complaint to consist of: "All persons who are or have been employed by Defendants CARDINAL LOGISTICS and/or DOES in the State of California as non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles during the liability period of the relevant statute of limitations."  Complaint ¶ 43.  Plaintiff also defines very similar proposed putative subclasses for each of the Labor Code sections that he asserts Defendant allegedly violated.  See *id.*

10.     Defendant disputes Plaintiff's allegations of wrongdoing.  Defendant also disputes that any class could ever be certified.  Nevertheless, based on information and belief and the review of its internal employment data, Defendant

believes that it has employed approximately 600 California resident truck drivers between June 22, 2011, and the present (the "Alleged Putative Class").[1] *Hardie Decl.*, ¶ 3. Thus there are at least 100 or more potential class members as required by 28 U.S.C. § 1332(d)(5)(B).

**C.    It Is Readily Apparent From The Complaint That The Amount In Controversy Exceeds $5,000,000**

1.    Compensation Due For Time Worked

11.    Plaintiff alleges that "[f]or at least four years prior to the filing of this action and through to the present, CARDINAL LOGISTICS and/or DOES have had a consistent policy of failing to compensate Non-Exempt Employees within the State of California, including Plaintiff, for all hours worked and all miles driven, per Defendant's piece-rate pay plan." Complaint ¶ 3.  Plaintiff further alleges that Defendant had a policy of not paying compensation for all time worked, "including, but not limited to pre-trips, post-trips, waiting time, time between runs, phone time, paper work, drop and hook, washing truck trailers, and scheduling time to Plaintiff and the proposed Class of Non-Exempt Employees…." Complaint ¶ 76.

12.    Based on information and belief and the review of its internal employment data, Defendant believes that the Alleged Putative  Class worked an aggregate of approximately 42,500 weeks[2] from June 22, 2011 through the present. *Hardie Decl.*, ¶ 3. If one assumes that Plaintiff is claiming an average of two (2) uncompensated hours each week per putative class member, and that the drivers are

---

[1] The exact figure could be slightly higher or lower but Defendant is informed and believes that 600 is a fair and accurate approximation based on a review of Cardinal Logistics employment records.

[2] The exact figure could be higher or lower but Defendant is informed and believes that 42,500 is a fair and accurate approximation based on a review of Cardinal Logistics employee records.

THEODORA ORINGHER
COUNSELORS AT LAW

earning at least the current minimum wage,[3] the aggregate value of the compensation due claim would be **$701,250** ($8.25[4] per hour x 2 uncompensated hours per week x approximately 42,500 weeks worked by the Alleged Putative Class).

## 2. Meal and Rest Break Claims

13. Plaintiff alleges that "[f]or at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (l) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages." Complaint ¶ 4. Plaintiff further alleges that "[f]or at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10)

---

[3] For purposes of this removal, Defendant is using the most conservative premium pay penalty possible—the California minimum wage—to calculate the amount in controversy presented by the compensation due for work performed, meal and rest break, and waiting time claims. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150-51 (C.D. Cal. 2010) (using the "extreme" example of "the appropriate average hourly rate [being] California's minimum wage of $8.00/hour" to calculate the amount in controversy emanating from plaintiff's meal and rest break claims); *see also Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (noting that defendant is not required to "research, state, and prove the plaintiff's claims for damages" and that a good faith conservative estimate is sufficient to support amount in controversy calculations).

[4] Minimum wage in California was $8 per hour at the beginning of the Class Period and $9 per hour beginning on July 1, 2014. Therefore, Defendants use a $8.25 blended minimum wage rate that is weighted to approximate the Class Period ([6/22/2011 - 6/30/2014] x $8 divided by [7/1/2014 – 7/22/2015] x $9).

THEODORA ORINGHER
COUNSELORS AT LAW

1 hours without providing an additional, uninterrupted meal period of thirty (30)

2 minutes and failing to pay such employees one (1) hour of pay at the employees'

3 regular rate of compensation for each workday that the meal period is not

4 provided,…" Complaint ¶ 6.

5       14.    Plaintiff alleges that "[f]or at least four years prior to the filing of this

6 action and through to the present, Defendants CARDINAL LOGISTICS and/or

7 DOES have had a consistent policy of requiring Non-Exempt Employees within the

8 State of California, including Plaintiff, to work for over four (4) hours, or a major

9 fraction thereof, without a ten (10) minute rest period and failing to pay such

10 employees one (1) hour of pay at the employees' regular rate of compensation for

11 each workday that the rest period is not provided, or other compensation,…"

12 Complaint ¶ 7.

13       15.    Based on information and belief and the review of its internal

14 employment data, Defendant believes that the Alleged Putative Class worked an

15 aggregate of approximately 42,500 weeks[5] from June 22, 2011 through the present.

16 *Hardie Decl.*, ¶ 3.  If one assumes that Plaintiff is claiming an average of five (5)

17 missed meal periods, second meal periods, and rest breaks combined per employee

18 per week (i.e., a total of 5 missed rest and meal periods per individual per week),[6]

19 the aggregate value of the meal and rest break claim would be at least **$1,753,125**

20 ($8.25[7] per hour x 5 missed breaks× 42,500 weeks worked).

21

22 [5] See fn. 2 supra.

23 [6] Based on Plaintiff's allegation that Defendant had a consistent policy of requiring Plaintiff

24 and the putative class of employees to work through meal periods and rest breaks, a
conservative conclusion is at least five meal breaks, second meal breaks, and/or rest breaks

25 were allegedly missed each week.  *See Coleman*, 730 F. Supp. 2d at 1149 ("[C]ourts have

26 assumed a 100% violation rate in calculating the amount in controversy when the complaint
does not allege a more precise calculation.").

27 [7] See fn. 4 supra.

28

3.   Itemized Wage Statement Claims

16.   Plaintiff alleges that "[f]or at least four years prior to filing this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have knowingly and intentionally failed to comply with the itemized employee wage statement provisions [of the Labor Code] and have failed to pay Non-Exempt Employees, including Plaintiff, and those similarly situated compensation for said violations,…" Complaint ¶ 8.  Specifically, Plaintiff alleges that Defendant has failed to comply with section 226(a) of the Labor Code by, *inter alia*, not itemizing and inaccurately reporting the total hours worked "on each and every wage statement provided to Plaintiff and members of the proposed Class." Complaint ¶ 128.

17.   For this claim, Plaintiff seeks the greater of actual damages or a $50 penalty for the initial pay period in which a violation occurred and a $100 penalty for each violation in a subsequent pay period, up to a maximum aggregate penalty of $4,000.  Labor Code section 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [the itemized wage statement requirement] is entitled to recover […] fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." See also Complaint ¶ 26 ("Plaintiff and members of the proposed Class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b)"); Complaint, § V ("Prayer for Relief), ¶ 11 ("For damages and/or monies owed for failure to comply with itemized employee wage statement provisions").

18.   Based on information and belief and the review of its internal employment data, Defendant believes that it has employed approximately 600 members of the Alleged Putative Class at some point between June 22, 2011, to the

982521/81315.05002

*CLASS ACTION NOTICE OF REMOVAL*

present.[8]  *Hardie Decl.*, ¶ 3.  Plaintiff accordingly seeks $50 for each of the approximately 600 drivers for alleged deficiencies in the drivers' first pay statements, which is a total of $30,000 ($50 × 600 initial pay periods).  Plaintiff also seeks at least $100 for each subsequent allegedly deficient wage statements up to the maximum penalty of $4,000 per person.[9]  Based on information and belief and the review of its internal employment information, Defendant believes that approximately 325 drivers received forty (40) or more wage statements at some point from June 22, 2011, to the present.  *Hardie Decl.*, ¶ 4.  Plaintiff accordingly seeks at least $1,283,750 for drivers  with forty (40) or more wage statements (325 drivers x $3,950).  Based on information and belief and the review of its internal employment information, Defendant believes that approximately 275 drivers received 39 or less wage statements at some point from June 22, 2011, to the present, for an approximate aggregate total of 3,850 wage statements.  *Hardie Decl.*, ¶ 4.  Plaintiff accordingly seeks at least $385,000 for drivers with 39 or less wage statements (3,850 x $100).  The total Plaintiff thus seeks on behalf of the approximately 600 drivers for alleged wage statement violations is **$1,698,750** ($30,000 + $1,283,750 + $385,000).

          4.   <u>Waiting Time Penalty Claim</u>

       19.   Plaintiff alleges that "Plaintiff and those members of the proposed class who are former employees of CARDINAL LOGISTICS and/or DOES are no longer employed by CARDINAL LOGISTICS and/or DOES 1-100 and are entitled to, but have not received, compensation for all wages owed that CARDINAL LOGISTICS and/or DOES did not pay to them."  Complaint ¶ 144.  Plaintiff further alleges that "[a]s a consequence of CARDINAL LOGISTICS' and/or DOES' willful conduct in

---

[8] See fn.1 supra.

[9] The members of the Alleged Putative Class were paid on a weekly basis and thus received wage statements every week.  *Hardie Decl.*, ¶ 4.

not paying wages owed at the time of separation from employment, Plaintiff and members of the proposed class are entitled to thirty (30) days worth of wages as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs."  Complaint ¶ 146.

20.    Based on information and belief and the review of its internal employment information, Defendant believes that there are approximately 430 members of the Alleged Putative Class that became former employees at some point between June 22, 2011, and June 22, 2015.[10]  *Hardie Decl.*, ¶ 3.  The total Plaintiff thus seeks for alleged waiting time penalties on behalf of the former drivers is at least **$851,400** (430 former employees x $8.25[11] per hour x 8 hours x 30 days).

5.    <u>The Sum of The Foregoing Damages Sought by Plaintiff Exceeds Five Million Dollars</u>

21.    When all of foregoing damages are added together, the amount in controversy in this case is conservatively **$5,004,525** (i.e., $701,250 + $1,753,125 + $1,698,750 + $851,400).

6.    <u>Attorneys' Fees Are Also Added To The Amount In Controversy</u>

22.     Moreover, attorney fees may likewise be included in the amount in controversy if an underlying statute authorizes their award (which is the case here due to the Labor Code). *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award).  Plaintiff seeks reasonable attorneys' fees in this case.  Complaint ¶¶ 12, 83, 105, 125, 131, 146, 147, and section V ("Prayer for Relief") ¶ 19.  In class action cases in California, prevailing plaintiffs

---

[10] The exact figure could be slightly higher or lower but Defendant is informed and believes that 430 is a fair and accurate approximation based on a review of Cardinal Logistics employment records.

[11] See fn. 4 supra.

THEODORA ORINGHER
COUNSELORS AT LAW

have requested, and courts have frequently awarded, attorneys' fees in the range of 25% to 33% of the overall recovery. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to five recent wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and similarly approving percentage of the fund award of 33% to class counsel); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1-4 (E.D. Cal. Nov. 14, 2007) (approving award of 33% of common fund).  It is therefore anticipated that Plaintiff's attorneys will seek at least 25% of any amounts they recover as awardable attorneys' fees. Thus, Plaintiff's attorneys could seek at least $1,251,131 in attorneys' fees in this action (i.e., 0.25 X $5,004,525).  When this figure is added to the $5,004,525 Plaintiff seeks in connection with Compensation Due For Time Worked claim, Meal and Rest Breaks claims, Itemized Wage Statement claim, and Waiting Time claims alone, the total amount in controversy is at least **$6,255,656**.

### 7.   Plaintiff Also Seeks Other Damages

23.    It also must be noted that the $6,255,656 figure calculated above does not include the amount of controversy associated with several other claims made by Plaintiff.  For example, Plaintiff alleges that "[f]or at least four years prior to the filing of this action and through to the present, CARDINAL LOGISTICS and/or DOES have had a consistent policy of failing to compensate Non-Exempt Employees within the State of California, including Plaintiff, for […] all miles driven, per Defendant's piece-rate pay plan." Complaint ¶ 3.  Plaintiff also alleges that "Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class members for, including, but not limited to lumper fees, scale fees, and/or other expenses for company and/or business related purposes." Complaint ¶ 135.  Plaintiff also alleges that Defendants and/or DOES have had a continuous policy and/or practice of illegally deducting wages, earned bonuses and/or incentives from employees. Complaint ¶ 138.  Because the above calculation does not include amounts in

1    controversy related to these claims, the potential total amount in controversial is

2    clearly greater than is conservatively calculated here.

3    **III.    REMOVAL IS TIMELY AND PROPER**

4         24.    This Notice of Removal is timely pursuant to section 1446(b) of title 28

5    as it is filed within thirty (30) days of the first receipt of the Complaint setting forth

6    Plaintiff s claims against Defendant in the State Court Action.  Indeed, Plaintiff

7    served Defendant with a copy of the Complaint on June 30, 2015.  *Hansen Decl.*,

8    ¶ 3.  Accordingly, Defendant may properly file papers to remove this action up to

9    and including July 30, 2015.

10        25.    Pursuant to section 1446(a) of title 28, removal is made to the Northern

11   District of California, as the district court embracing the place where the State Court

12   Action is pending.  *See* 28 U.S.C. § 84(a).

13        26.    Defendant reserves the right to amend or supplement this Notice of

14   Removal.  Defendant further reserves all defenses it has to Plaintiff s claims,

15   including, but not limited to reserving the right to request a transfer of this action to

16   the Central District of California, oppose any motion for class certification, etc.

17   Defendant disputes Plaintiff's claims in their entirety and contends only that the

18   nature of Plaintiff's claims, as pled, demonstrates that removal is proper.

19        27.    Defendant is providing Plaintiff, by and through his counsel, written

20   notice of the filing of this Notice of Removal and all other papers as required by

21   section 1446(d) of title 28.  Further, Defendant is filing a copy of this Notice of

22   Removal and all related papers with the Clerk of the Superior Court of the State of

23   California for the County of Alameda, where the case is currently pending.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1   **IV.   <u>PRAYER</u>**

2       Wherefore, Defendant CARDINAL LOGISTICS MANAGEMENT

3   CORPORATION, requests that the above-titled action now pending against it in the

4   Superior Court of California, County of Alameda, be removed therefrom to this Court.

5   DATED: July 22, 2015        THEODORA ORINGHER PC

6

7                     By: _____

8                         Drew R. Hansen

                      Attorneys for Defendant

9                         CARDINAL LOGISTICS MANAGEMENT

                      CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

982521/81315.05002

13

EXHIBIT 1

1 | Drew R. Hansen, Esq. (State Bar No. 218382)
Kenneth E. Johnson, Esq. (State Bar No. 115814)
2 | Walter Peña, Esq. (State Bar No. 247469)
THEODORA ORINGHER PC
3 | 535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
4 | Telephone: (714) 549-6200
Facsimile: (714) 549-6201
5
Attorneys for Defendant,
6 | CARDINAL LOGISTICS
MANAGEMENT CORPORATION
7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | JUSTIN HOLMBY, on behalf of himself, all
others similarly situated, and on behalf of the
13 | general public,

| Case No. _____

**DECLARATION OF DREW HANSEN
IN SUPPORT OF CARDINAL
LOGISTICS MANAGEMENT
CORPORATION'S CLASS ACTION
NOTICE OF REMOVAL**

14 |        Plaintiff,

15 |      vs.

16 | CARDINAL LOGISTICS MANAGEMENT
CORPORATION, and DOES 1-100,
17 | inclusive,

18 |        Defendant.

19

20

21

22

23

24

25

26

27

28

THEODORA ORINGHER
COUNSELORS-AT-LAW

1

# DECLARATION OF DREW R. HANSEN

I, Drew R. Hansen, declare as follows:

1.     I am an attorney admitted to practice in the Northern District of California, and am duly licensed to practice law in the State of California.  I am a senior attorney at Theodora Oringher PC, and am counsel in this action for defendant Cardinal Logistics Management Corporation ("Defendant").  I make this declaration based on my own personal knowledge and, if called to do so, could and would competently so testify in court as to its contents.

2.     Attached as **Exhibit A** to this Declaration is a true and correct copy of the Summons and Complaint served on Defendant Cardinal Logistics Management Corporation, in the matter entitled "JUSTIN HOLMBY, on behalf of himself, all others similarly situated, and on behalf of the general public, vs. CARDINAL LOGISTICS MANAGEMENT CORPORATION, and DOES 1-100, INCLUSIVE," Case No. RG15774954 in the Superior Court of the State of California in and for the County of Alameda (the "State Court Action").

3.     Plaintiff served Defendant with a copy of the Summons and Complaint in the State Court Action on June 30, 2015.

4.     Defendant filed its answer in the State Court Action on July 21, 2015.  A true and correct copy of Defendant's answer is attached hereto as **Exhibit B**.

5.     On June 23, 2015, the court in the State Court Action set a Complex Determination Hearing for August 3, 2015, and a Case Management Conference for September 3, 2015.  A true and correct copy of the court's order is attached hereto as **Exhibit C**.

6.     To my knowledge, there have been no further proceedings in the State Court Action, and no other pleadings have been filed and served upon Defendant in the State Court Action.

/ / /

/ / /

/ / /

/ / /

1    I declare under penalty of perjury under the laws of the United States of America that

2  the foregoing is true and correct.

3    Executed on July 22, 2015, at Costa Mesa, California.

4

5    _____

6    Drew R. Hansen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THEODORA ORINGHER
COUNSELORS AT LAW

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 22 2015

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNI

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARDINAL LOGISTICS MANAGEMENT CORPORATION, and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUSTIN HOLMBY, on behalf of himself, all others similarly situated,
and on behalf of the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ALAMEDA | **CASE NUMBER:**<br>*(Número del Caso):*<br>RG15774954 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: **JUN 22 2015** | Leah T. Wilson | Clerk, by | MARGARET J. DOWNI | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* CARDINAL LOGISTICS MANAGEMENT CORPORATION

under: ☒☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  **THE TURLEY LAW FIRM, APLC**
   7428 Trade Street
3  San Diego, California 92121
   Telephone: (619) 234-2833
4  Facsimile: (619) 234-4048

5

6  Attorneys for Plaintiff JUSTIN HOLMBY,
   on behalf of himself, all others similarly situated,
7  and on behalf of the general public.

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF ALAMEDA**

10

11  JUSTIN HOLMBY, on behalf of          Case No. RG15774954
    himself, all others similarly situated, and
12  on behalf of the general public        **PLAINTIFF'S COMPLAINT FOR**
                                          **DAMAGES, RESTITUTION, INJUNCTIVE,**
13  Plaintiff,                            **AND DECLARATORY RELIEF**

14  v.                                    1) **Failure to Pay Compensation for All Time**
                                             **Worked/All Miles Driven (Cal. Code**
15  CARDINAL LOGISTICS                       **Regs., tit. 8, §11090, subds. 1 and 4(B),**
    MANAGEMENT CORPORATION, and              **Lab. Code § 200);**
16  DOES 1-100, inclusive,                2) **Failure to Provide Meal Periods (Lab.**
                                             **Code §§226.7, 512, IWC Wage Order Nos.**
17  Defendants.                              **9-1998, 9-2000, 9-2001(11); Cal. Code**
                                             **Regs., tit. 8, §11090);**
18                                        3) **Failure to Authorize and Permit Rest**
                                             **Breaks (Lab. Code §226.7;  IWC Wage**
19                                           **Order Nos. 9-1998, 9-2000, 9-2001(12);**
                                             **Cal. Code Regs., tit. 8, §11090);**
20                                        4) **Knowing and Intentional Failure to**
                                             **Comply with Itemized Employee Wage**
21                                           **Statements (Lab. Code §§ 226, 1174,**
                                             **1175);**
22                                        5) **Failure to Reimburse/Illegal Deductions**
                                             **(Lab. Code §§ 221, 2802, Cal. Code Regs.,**
23                                           **tit. 8, § 11090(8));**
                                          6) **Failure to Pay Timely Wages Due at**
24                                           **Termination/Waiting Time Penalties**
                                             **(Lab. Code §§ 201-203);**
25                                        7) **Violation of Unfair Competition Law**
                                             **(Bus. & Prof. Code § 17200, et seq.).**
26

27                                                **DEMAND FOR JURY TRIAL**

28

    CLASS ACTION COMPLAINT                         1

Plaintiff JUSTIN HOLMBY, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1.  This is a class action pursuant to *California Code of Civil Procedure* section 382 on behalf of Plaintiff, JUSTIN HOLMBY, and all employees, including, but not limited to, all truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities (hereinafter "Non-Exempt Employees") employed by, or formerly employed by, CARDINAL LOGISTICS MANAGEMENT CORPORATION (hereinafter referred to as "CARDINAL LOGISTICS") and/or its subsidiaries or affiliated companies and/or DOES, within the State of California.

2.  At all times mentioned herein, the common policies and practices of CARDINAL LOGISTICS and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

3.  For at least four years prior to the filing of this action and through to the present, CARDINAL LOGISTICS and/or DOES have had a consistent policy of failing to compensate Non-Exempt Employees within the State of California, including Plaintiff, for all hours worked and all miles driven, per Defendant's piece-rate pay plan.

4.  For at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically

2

CLASS ACTION COMPLAINT

deducting a half hours pay from their wages.

5.   For at least four years prior to filing of this action and through the present, Defendants CARDINAL LOGISTICS and/or DOES did not have a policy of allowing its Non-Exempt Employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes, as required by the applicable Wage Order of the Industrial Welfare Commission.

6.   For at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

7.   For at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work for over four (4) hours, or a major fraction thereof, without a ten (10) minute rest period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California's state wage and hour laws.

8.   For at least four years prior to filing this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES have knowingly and intentionally failed to comply with the itemized employee wage statement provisions and have failed to pay Non-Exempt Employees, including Plaintiff, and those similarly situated compensation for said violations, as required by California's state wage and hour laws.

9.   For at least four years prior to filing this action and through to the present, Defendants

3

CARDINAL LOGISTICS and/or DOES have had a consistent policy or failing to reimburse and/or indemnify employees, including Plaintiff and members of the proposed Class, for expenses in direct consequence of the discharge of their work duties and/or as a direct consequence of the employees' obedience to the directions of CARDINAL LOGISTICS and/or DOES.

10. For at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES and/or their officers and/or managing agents willfully failed to pay, in a timely manner, wages owed to Non-Exempt employees, including Plaintiff and members of the Class who left Defendants CARDINAL LOGISTICS and/or DOES's employ or who were terminated.

11. For at least four years prior to the filing of this action and through to the present, Defendants CARDINAL LOGISTICS and/or DOES, by failing to lawfully pay Non-Exempt Employees, including Plaintiff and those similarly situated, all the wages they are owed, failing to reimburse and/or indemnify business expenses, failing to provide meal and rest periods, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the *Business and Professions Code* section 17200, et seq.

12. Plaintiff JUSTIN HOLMBY, on behalf of himself and all Class Members, brings this action pursuant to *Labor Code* sections 221, 226, subdivision (b), 226.7, 510, 512, 558, 1194, 2802, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, unpaid rest and meal period compensation, unpaid reimbursements for business expenses, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

13. Plaintiff JUSTIN HOLMBY, on behalf of himself and all Class Members, pursuant to *Business and Professions Code* sections 17200-17208, also seeks injunctive relief, and restitution, from Defendants CARDINAL LOGISTICS and/or DOES for their failure to pay straight time wages, failure to reimburse business expenses, and failure to pay meal

4

CLASS ACTION COMPLAINT

1    and rest period compensation.

2    14.    Defendants CARDINAL LOGISTICS and/or DOES own and operate trucks, industrial

3    trucks, industrial vehicles, and/or industrial work sites, and, at all times during the

4    liability period, have conducted business in Alameda County and elsewhere within

5    California. At these work sites and throughout California, Defendants CARDINAL

6    LOGISTICS and/or DOES have, among other things, employed persons as truck drivers,

7    industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis,

8    and/or similar job designations.

9    15.    Defendants' CARDINAL LOGISTICS and/or DOES' business is staffed, *inter alia*, by

10   Non-Exempt Employees. CARDINAL LOGISTICS and/or DOES' Non-Exempt

11   Employees have not been paid during the liability period all of their straight time wages,

12   meal and rest period compensation, and reimbursements for business expenses. Plaintiff

13   is informed and believes, and based thereon alleges, Defendants CARDINAL

14   LOGISTICS and/or DOES currently employ many employees in the State of California

15   as Non-Exempt Employees.

16   16.    During the liability period, Plaintiff JUSTIN HOLMBY and members of the Plaintiff

17   Class were employed by Defendants CARDINAL LOGISTICS and/or DOES as Non-

18   Exempt Employees and were paid on piece-rate basis. Plaintiff and the members of the

19   Plaintiff Class of CARDINAL LOGISTICS Non-Exempt Employees were not provided

20   all straight time wages owed, meal or rest periods, or compensation in lieu thereof, and

21   reimbursements for business expenses, as mandated under the *California Labor Code*,

22   and the implementing rules and regulations of the Industrial Welfare Commission's

23   ("IWC") California Wage Orders.

24   17.    Defendants CARDINAL LOGISTICS and/or DOES are and were aware that the

25   CARDINAL LOGISTICS Non-Exempt Employees were not paid all straight time wages

26   owed, nor provided rest and meal periods, nor reimbursed for business expenses.

27

28

5

CLASS ACTION COMPLAINT

Defendants' and/or DOES' denial of wages and other compensation due to Plaintiff and members of the Plaintiff Class in the position of CARDINAL LOGISTICS Non-Exempt Employees was willful and deliberate.

18.    Defendants CARDINAL LOGISTICS and/or DOES willfully failed to pay the straight time wages owed, Labor Code section 226.7 wages, and reimbursement of business expenses of former CARDINAL LOGISTICS Non-Exempt Employees, including members of Plaintiff Class, when each such employee quit or was discharged.

## I.    VENUE

19.    Venue as to each Defendant, CARDINAL LOGISTICS and/or DOES, is proper in this judicial district, pursuant to *Code of Civil Procedure* section 395. Defendants CARDINAL LOGISTICS and/or DOES employ non-exempt employees that work as truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designation.

20.    Defendant CARDINAL LOGISTICS and/or DOES conduct business and commit *Labor Code* violations within Alameda County, and each Defendant and/or DOE is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Alameda County. Defendants CARDINAL LOGISTICS and/or DOES employ numerous Class Members who work in California and/or Alameda County. All of the unlawful acts alleged herein occurred in Alameda County.

## II.    PARTIES

A.    **Plaintiff**.

21.    At all relevant times herein, Plaintiff JUSTIN HOLMBY is and was a resident of California. At all relevant times herein, he was employed by Defendants CARDINAL LOGISTICS and/or DOES within the last four (4) years as a truck driver, industrial truck driver, industrial truck worker, driver paid on a piece-rate basis and/or any similar job

6

CLASS ACTION COMPLAINT

designation, in California. Plaintiff was employed in a non-exempt capacity as a truck driver, industrial truck driver, industrial truck worker, and/or driver paid on a piece-rate basis.

22. On information and belief, Plaintiff JUSTIN HOLMBY and all other members of the proposed Class experienced Defendants CARDINAL LOGISTICS's and/or DOES' common company policies and/or practices of failing to pay Plaintiff and the Class members for all hours worked and for all miles driven, per Defendant's piece rate pay plan.

23. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' CARDINAL LOGISTICS and/or DOES' common company policies and/or practices of failing to compensate Plaintiff and the Class members for all hours worked and all miles driven.

24. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' CARDINAL LOGISTICS and/or DOES' common policies and/or practices of failing to pay all straight time wages owed, providing no rest periods, providing no meal periods to Non-Exempt Employees working at least five (5) hours or any additional meal periods for working in excess of ten (10) hours, or compensation in lieu thereof, and failing to reimburse business expenses incurred in direct consequence of the discharge of their work duties.

25. On information and belief, Defendants and/or DOES willfully failed to provide to their Non-Exempt Employees, including Plaintiff and members of the proposed Class, itemized wage statements.

26. On information and belief, CARDINAL LOGISTICS and/or DOES failed to comply with *Labor Code* section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Non-Exempt Employees, including Plaintiff and the members of the proposed Class. Plaintiff and members of the

7

proposed Class are entitled to penalties not to exceed $4,000 for each employee pursuant to *Labor Code* section 226(b).

27. Defendants CARDINAL LOGISTICS and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Non-Exempt Employees, including Plaintiff and members of the proposed Class.

28. Defendants CARDINAL LOGISTICS's and/or DOES' failure to retain accurate records of total hours worked by Non-Exempt Employees, including Plaintiff and the proposed Class, was willful and deliberate, was a continuous breach of CARDINAL LOGISTICS and/or DOES' duty owed to Plaintiff and the proposed class.

29. On information and belief, Non-Exempt Employees, including Plaintiff and all other members of the proposed Class, experienced Defendant CARDINAL LOGISTICS and/or DOES' common company policies and/or practices of failure to reimburse and/or indemnify Plaintiff and the Class Members for, including, but not limited to lumper fees, scale fees and other expenses incurred in direct consequence of the discharge of their work duties.

30. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants CARDINAL LOGISTICS' and/or DOES' common company policies and/or practices of failing to timely pay wages owed at the time of termination.

31. On information and belief, Defendants and/or DOES willfully failed to pay their Non-Exempt Employees, including Plaintiff and members of the proposed Class, in a timely manner, compensation owed to them upon termination of their employment with CARDINAL LOGISTICS and/or DOES.

32. On information and belief, Non-Exempt Employees, including Plaintiff and all other members of the proposed Class, experienced Defendants CARDINAL LOGISTICS

8

CLASS ACTION COMPLAINT

and/or DOES' fraudulent and deceptive business practices within the meaning of the *Business and Professions Code* section 17200, *et seq*.

33. Non-Exempt Employees, including Plaintiff and the proposed Class he seeks to represent, are covered by, *inter alia*, California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, section 11090.

**B.   Defendants.**

34. Defendants CARDINAL LOGISTICS and/or DOES are a California-wide provider of transportation and third-party logistic services.

35. On information and belief, each of the Defendants and/or DOES is conducting business in California. CARDINAL LOGISTICS and/or DOES have offices and/or contacts in the State of California.

36. During the liability period, Defendants CARDINAL LOGISTICS and/or DOES employed Plaintiff and similarly situated persons as truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation within California.

37. On information and belief and throughout the liability period, CARDINAL LOGISTICS and/or DOES paid its Non-Exempt Employees on a piece-rate basis.

38. Defendants CARDINAL LOGISTICS' and/or DOES' Non-Exempt Employees deliver Defendants' products to locations throughout California.

39. CARDINAL LOGISTICS' and/or DOES' principal place of business is in the State of California.

40. California is the nerve center of CARDINAL LOGISTICS' and/or DOES' operations.

41. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under *Code of Civil Procedure* section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

9

Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

42.  Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

## III.   CLASS ACTION ALLEGATIONS

43.  Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the *California Code of Civil Procedure*. Plaintiff seeks to represent a Class composed of and defined as follows:

>All persons who are or have been employed by Defendants
>CARDINAL LOGISTICS and/or DOES in the State of California
>as non-exempt truck drivers, industrial truck drivers, industrial
>truck workers, and/or drivers paid on a piece-rate basis, and/or any
>similar job designations and titles during the liability period of the
>relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

>All persons who are or have been employed by Defendants
>CARDINAL LOGISTICS and/or DOES in the State of California
>as non-exempt truck drivers, industrial truck drivers, industrial
>truck workers, and/or drivers paid on a piece-rate basis, and/or any
>similar job designations and titles during the period of the relevant
>statute of limitations, who were not paid for all hours worked

10

CLASS ACTION COMPLAINT

and/or all miles driven.

All persons who are or have been employed by Defendants CARDINAL LOGISTICS and/or DOES in the State of California as hourly non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles during the period of the relevant statute of limitations, who have not been authorized and permitted to take a rest period for every four (4) hours or major fraction thereof worked per day and were not provided compensation of one (1) hour's pay or other compensation for each day on which such rest periods were not authorized and permitted.

All persons who are or have been employed by Defendants CARDINAL LOGISTICS and/or DOES in the State of California as non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles during the period of the relevant statute of limitations, who have worked five (5) and/or ten (10) hours without being provided a meal period and/or additional meal period and were not provided compensation of one (1) hour's pay or other compensation for each day on which such meal period was not provided.

All persons who are or have been employed by Defendants CARDINAL LOGISTICS and/or DOES in the State of California as non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles during the period of the relevant

CLASS ACTION COMPLAINT

11

statute of limitations, who Defendants CARDINAL LOGISTICS and/or DOES failed to reimburse and/or indemnify for, including, but not limited to, lumper fees, scale fees, and other expenses in direct consequence of the discharge of their work duties.

All persons who are or have been employed by Defendants CARDINAL LOGISTICS and/or DOES in the State of California as non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles during the period of the relevant statute of limitations, who Defendants CARDINAL LOGISTICS and/or DOES willfully failed to pay in a timely manner, compensation owed to them upon termination of their employment with CARDINAL LOGISTICS and/or DOES.

All persons who are or have been employed by Defendants CARDINAL LOGISTICS and/or DOES in the State of California as non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles, during the period of the relevant statute of limitations, who CARDINAL LOGISTICS and/or DOES willfully failed to provide accurate and itemized employee wage statements.

44.     Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

45.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the *California Code of Civil Procedure* because there is a

12

well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.      **Numerosity**.

46.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants and/or DOES currently employ, and during the liability period employed, hundreds of employees, all in the State of California, in positions as CARDINAL LOGISTICS's and/or DOES' non-exempt employees that are truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation in Alameda County and dispersed throughout California during the liability period and who are or have been affected by CARDINAL LOGISTICS's and/or DOES' policies of failing to pay all straight wages, not providing meal periods or providing them more than five (5) hours into an employees shift, not authorizing and permitting rest periods without the appropriate legal compensation, knowing and intentional failure to provide accurate and itemized employee wage statements, failing to reimburse business expenses incurred as a direct consequence of the discharge of work duties, and willful failure to pay all wages due at time of separation from employment.

47.     Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges CARDINAL LOGISTICS and/or DOES' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.      **Commonality**.

48.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and

13

CLASS ACTION COMPLAINT

fact include, without limitation:

(1)     Whether Defendants CARDINAL LOGISTICS and/or DOES violated the *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorized, permit, and/or provide paid rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted, and/or provided.

(2)     Whether Defendants CARDINAL LOGISTICS and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(3)     Whether Defendants CARDINAL LOGISTICS and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a thirty (30) minute meal period and not counting the time as time worked.

(4)     Whether Defendants' CARDINAL LOGISTICS and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendants

14

CARDINAL LOGISTICS and/or DOES not providing meal and rest periods, in that said policies pressured its Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or not legally provide meal periods.

(5)     Whether Defendants CARDINAL LOGISTICS and/or DOES had a pattern and practice of pressuring its Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis to complete routes within time frames that made it impractical for CARDINAL LOGISTICS and/or DOES Non-Exempt drivers to be relieved of all duty for thirty (30) minute meal periods and/or ten (10) minute rest periods.

(6)     Whether the non-existence of a policy allowing a second meal period in shifts of over five (5) hours resulted in CARDINAL LOGISTICS and/or DOES Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis not being provided a second meal period in accordance with the *Labor Code* and Wage Orders.

(7)     Whether the non-existence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in CARDINAL LOGISTICS and/or DOES Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the *Labor Code* and Wage Orders.

(8)     Whether Defendants' CARDINAL LOGISTICS and/or DOES' uniform policy of failing to reimburse or indemnify truck drivers,

15

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis for business expenses incurred in direct consequence of the discharge of their work duties violated the *Labor Code* and Wage Orders.

(9)     Whether Defendants CARDINAL LOGISTICS and/or DOES violated section 226 of the *Labor Code* and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)(c) by knowingly and intentionally failing to, among other violations, accurately report compensation owed for rest and meal period violations.

(10)    Whether Defendants CARDINAL LOGISTICS and/or DOES violated *Labor Code* sections 226, 1174, and 1175 by not providing employees accurate and itemized wage statements.

(11)    Whether Defendants CARDINAL LOGISTICS and/or DOES violated *Labor Code* section 203 by willfully failing to timely pay all wages owed to employees who left CARDINAL LOGISTICS's and/or DOES' employ or who were terminated.

(12)    Whether Defendants CARDINAL LOGISTICS and/or DOES violated section 17200, et. seq. of the *California Business and Professions Code* by failing to pay all wages owed, failing to provide meal and rest periods, or compensation in lieu thereof, failing to reimburse and/or indemnify business expenses incurred as a direct consequence of the discharge of their work duties, failing to pay all wages due upon termination of employment, and failing to keep accurate records of Class Members' compensation owed.

(13)    Whether Defendants CARDINAL LOGISTICS and/or DOES violated *Labor Code* sections 221, 2802, and other provisions by failing to reimburse or indemnify employees for business expenses

16

CLASS ACTION COMPLAINT

incurred in direct consequence of the discharge of their work duties.

(14)   Whether Defendants CARDINAL LOGISTICS and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(15)   Whether Defendants CARDINAL LOGISTICS and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left CARDINAL LOGISTICS's and/or DOES' employ or who were terminated.

(16)   Whether Defendants CARDINAL LOGISTICS and/or DOES had uniform policies and/or practices of failing to reimburse or indemnify employees for business expenses incurred as a consequence of the discharge of their work duties.

(17)   Whether Defendant CARDINAL LOGISTICS' and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES discouraging truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or similar job designations from taking meal periods and/or rest periods.

(18)   Whether Defendant CARDINAL LOGISTICS' and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES impeding truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or similar job designations from taking meal periods and/or rest periods.

(19)   Whether Defendant CARDINAL LOGISTICS' and/or DOES' uniform policies of establishing and scheduling routes to be

17

CLASS ACTION COMPLAINT

completed in overly demanding time frames resulted in Defendant and/or DOES pressuring truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or similar job designations to forego taking meal periods and/or rest periods.

(20)    Whether Defendant CARDINAL LOGISTICS' and/or DOES' failed to reimburse and/or indemnify Plaintiff and members of the proposed Class for, including, but not limited to lumper fees, scale fees, and other expenses incurred in direct consequence of the discharge of their work duties.

(21)    Whether Defendant CARDINAL LOGISTICS and/or DOES illegally deducted wages, earned bonuses, and/or incentives from employees.

(22)    Whether Defendant CARDINAL LOGISTICS and/or DOES failed to compensate Non-Exempt Employees, including Plaintiff and members of the proposed Class for all hours worked and/or all miles driven.

49.    The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

50.    Each of said respective work practices and/or policies were uniform throughout all of CARDINAL LOGISTICS's and/or DOES' California locations during the class period.

51.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.    Typicality.**

52.    The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by Defendants CARDINAL LOGISTICS' and/or DOES' common course of

18

conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

53. Plaintiff JUSTIN HOLMBY was subjected to the same uniform policies and/or practices that affected all such employees.

54. Throughout the statutory period, Defendants' CARDINAL LOGISTICS and/or DOES' uniform policies and/or practices resulted in said employees not being compensated for earned wages, productivity, incentive, and/or bonus pay.

55. As a result of Defendants CARDINAL LOGISTICS and/or DOES uniform policies and/or practices of not paying all wages at the time of termination, Plaintiff and said truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation were not paid the wages owed to them. Thus, Plaintiff and truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation are owed their earned wages, incentives, and/or bonus pay.

56. Throughout the statutory period, Defendants CARDINAL LOGISTICS's and/or DOES' uniform policies and/or practices resulted in said employees not being provided with accurate and itemized wage statements.

57. As a result of Defendants CARDINAL LOGISTICS's and/or DOES' uniform policies and/or practices of not providing employees with accurate and itemized wage statements, Plaintiff and said truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation were not provided with accurate and itemized wage statements. Thus, Plaintiff and truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation are owed appropriate penalties.

58. Throughout the statutory period, Defendants' CARDINAL LOGISTICS and/or DOES' uniform policies and/or practices resulted in employees not being timely paid all wages

19

CLASS ACTION COMPLAINT

owed to them at the time they left Defendants' CARDINAL LOGISTICS' and/or DOES' employ, or were terminated.

59.   As a result of Defendants' CARDINAL LOGISTICS' and/or DOES' uniform policies and/or practices of not paying all wages owed at the time of termination, Plaintiff and said truck drivers, industrial truck drivers, industrial truck workers, drivers paid on a piece-rate basis, and/or any similar job designation were not paid the wages owed to them in a timely manner when they left CARDINAL LOGISTICS' and/or DOES' employ or were terminated. Thus, Plaintiff and drivers, truck drivers, industrial truck workers, and/or any similar job designation who left CARDINAL LOGISTICS' and/or DOES' employ or were terminated during the statutory period are owed waiting time penalties.

**D.    Adequacy of Representation.**

60.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

61.   Plaintiff is ready and willing to take the time necessary to help prosecute this case.

62.   Plaintiff has no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the class.

63.   Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

64.   Specifically, William Turley, Esq. and David Mara, Esq. are California lawyers in good standing.

65.   Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

66.   Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

67.   Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years.

CLASS ACTION COMPLAINT

Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

68.   Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

69.   Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

70.   Mr. Turley and The Turley Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

71.   Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

**E.      Superiority of Class Action.**

72.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' CARDINAL LOGISTICS and/or DOES' illegal policies and/or practices of failing to pay all wages owed, failing to provide meal and/or rest periods, or compensation in lieu thereof, failing to reimburse and/or indemnify employees for business expenses incurred as a direct consequence of the discharge of work duties, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

73.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

21

CLASS ACTION COMPLAINT

74.  Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.  CAUSES OF ACTION

**First Cause of Action Against CARDINAL LOGISTICS And/or DOES: Failure to Pay Compensation for All Time Worked/All Miles Driven (Cal. Code Regs., tit. 8, §11090, subds. 1 and 4(B), Lab. Code §§ 200, 221, 222, 223)**

75.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

76.  By their policy of not paying compensation for all time worked, including, but not limited to pre-trips, post-trips, waiting time, time between runs, phone time, paper work, drop and hook, washing truck trailers, and scheduling time to Plaintiff and the proposed Class of Non-Exempt Employees, Defendants violated the provisions of Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B), *Lab. Code* sections 200, 221, 222, and 223.

77.  By their policy of not paying compensation for all miles driven, per Defendant's piece-rate pay plan, to Plaintiff and the proposed Class of Non-Exempt Employees, Defendants violated the provisions of Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B), *Lab. Code* sections 200, 221, 222, and 223.

78.  Defendants claim that they pay their Non-Exempt Employees for all miles driven, but Defendants do not pay their Non-Exempt Employees for all miles driven.

79.  By their policy of not paying compensation for all miles driven, Defendant and/or DOES misrepresent their piece-rate pay scheme to Non-Exempt Employees, who are not paid for all miles actually driven. Defendant and/or DOES misrepresent to Non-Exempt Employees that Defendant and/or DOES pay per mile, but actually do not pay per mile driven.

80.  By their policy of not providing to Plaintiff and the members of the class meal periods

22

CLASS ACTION COMPLAINT

and/or made Plaintiff and the members of the class work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, and/or other compensation, as required by California's state wage and hour laws, Defendants violated the provisions of Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B), *Lab. Code* sections 200, 221, 222, and 223.

81.     By their policy of not providing to Plaintiff and the members of the Class meal periods and/or work shifts of ten (10) or more hours in a day without a second meal period of not less than thirty (30) minutes or compensation in lieu thereof, Defendants violated the provisions of Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B), *Lab. Code* sections 200, 221, 222, and 223.

82.     By their policy of not providing paid rest breaks at the rate of ten (10) minutes net rest time per four (4) hours or major fraction there of, Defendants violated the provisions of Cal. Code Regs., tit. 8, section 11090, subd. 12(A).

83.     As a direct result of the unlawful acts of CARDINAL LOGISTICS and/or DOES Plaintiff and the Class he intends to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to the provisions Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B) and 12(A), *Lab. Code* sections 200, 221, 222, and 223.

84.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Second Cause of Action Against CARDINAL LOGISTICS and/or DOES: Failure to Provide Meal Periods or Pay Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512; IWC Wage Order No. 9; Cal. Code Regs., tit. 8, §11090)**

85.     Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

23

CLASS ACTION COMPLAINT

86.   Under California *Labor Code*, section 512, and Industrial Welfare Commission Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

87.   In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

88.   Under *California Labor Code* section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

89.   Defendants and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its non-exempt employees who worked for work periods of more than five (5) consecutive hours. As such, Defendants' and/or DOES' non-exempt employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute, uninterrupted meal period within that time.

90.   Defendants and/or DOES failed to provide code compliant meal periods to said employees.

91.   Defendants and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its non-exempt employees for every five (5) continuous hours its non-exempt employees worked.

24

CLASS ACTION COMPLAINT

92. Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work, and/or route. The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to eat their meals while driving and/or while working their routes.

93. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest breaks.

94. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES pressuring its Non-Exempt truck drivers, industrial truck workers, and/or drivers to complete their routes within the rigorous time frames and not take meal breaks.

95. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES discouraging its Non-Exempt truck drivers, industrial truck workers, and/or drivers from taking meal periods.

96. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES impeding its Non-Exempt truck drivers, industrial truck workers, and/or drivers from taking meal periods.

97. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES pressuring its Non-Exempt truck drivers, industrial truck workers, and/or drivers to forego taking meal periods.

98. Throughout the statutory period, Defendants and/or DOES valued productivity over

25

CLASS ACTION COMPLAINT

providing meal and rest breaks and, because of this, meal and rest breaks were not priorities to Defendants and/or DOES.

99. Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiffs' and those similarly situated's rights to meal and rest breaks.

100. Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal and/or rest breaks would sacrifice their jobs with CARDINAL LOGISTICS and/or DOES.

101. Based on Defendants' and/or DOES' demanding route completion time policies, Plaintiff and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

102. Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

103. Defendants and/or DOES thereby failed to provide an additional thirty (30) minute uninterrupted meal period for employees on days where they worked in excess of ten (10) hours.

104. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants and/or DOES willfully violated the provisions of *Labor Code* sections 226.7, 512 and IWC Wage Order No. 9.

105. As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seek to represent

26

CLASS ACTION COMPLAINT

did not willfully waive their right to take meal periods through mutual consent with Defendants and/or DOES.

106. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Third Cause of Action Against CARDINAL LOGISTICS and/or DOES: Failure to Authorize and Permit Rest Breaks or Pay Compensation in Lieu Thereof (Lab. Code §226.7 and/or failure to provide paid rest periods; IWC Wage Order No. 9; Cal. Code Regs., tit. 8, §11090)**

107. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

108. Defendants and/or DOES failed to authorize and permit its non-exempt employees to take ten (10) minute rest breaks per every four (4) hours worked or major fraction thereof.

109. Defendants failed to provide ten (10) minute paid rest breaks to employees for each four (4) hours worked or major fraction thereof.

110. In the alternative, Defendants' and/or DOES' business model was such that non-exempt employees were assigned too much work that could not be reasonably completed in their assigned shift, work, and/or route. The end result is that Defendants' and/or DOES' non-exempt employees routinely and regularly are forced to work through their rest breaks.

111. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of failing to provide Plaintiffs and those similarly situated a paid rest period.

112. Throughout the statutory period, Plaintiff and those similarly situated were paid on a piece-rate basis. As such, Defendants and/or DOES only paid Plaintiff and those similarly situated when they were working. Thus, by definition Plaintiff and those similarly situated were not provided paid rest periods.

113. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in

27

CLASS ACTION COMPLAINT

Plaintiffs and those similarly situated not breaking route to take meal and rest breaks.

114.  Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest breaks and, because of this, meal and rest breaks were not priorities to Defendants and/or DOES.

115.  Throughout the statutory period, Defendants' and/or DOES' uniform policies and practices resulted said employees not receiving rest breaks.

116.  Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest breaks would sacrifice their jobs with CARDINAL LOGISTICS and/or DOES.

117.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES pressuring its Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis to complete their routes within the rigorous time frames and not take rest breaks.

118.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES discouraging its Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis from taking rest breaks.

119.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES impeding its Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis from taking rest breaks.

120.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of

28

CLASS ACTION COMPLAINT

establishing and scheduling routes to be completed in overly demanding time frames which resulted in Defendant and/or DOES pressuring its Non-Exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis to forego taking rest periods.

121. Based on Defendants' and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely worked through their rest breaks, which compromised the health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

122. Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take an additional rest period in shifts exceeding ten (10) hours in a day.

123. Thus, Plaintiff and those similarly situated had no way of knowing they were to be authorized and permitted a ten (10) minute rest period when working in excess of ten (10) hours a day.

124. By its failure to authorize and permit its non-exempt employees to take rest breaks for every four (4) hours or major fraction thereof worked per day, Defendants and/or DOES willfully violated provisions of *Labor Code* section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members they seeks to represent did not willfully waive their right to take rest breaks through mutual consent with Defendants and/or DOES.

125. As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under *Labor Code* sections 226, 226.7, and IWC Wage Orders 9-1998, 9-2000, 9-2001.

126. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

29

CLASS ACTION COMPLAINT

below.

**Fourth Cause of Action Against CARDINAL LOGISTICS and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090)**

127.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

128.   *Labor Code* section 226 subdivision (a) requires Defendants and/or DOES to, inter alia, to itemize in wage statements and to accurately report the total hours worked and total wages earned. In addition, CARDINAL LOGISTICS and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiff and members of the proposed Class.

129.   *Labor Code* section 1174 requires CARDINAL LOGISTICS and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. CARDINAL LOGISTICS and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 1174. The failure of Defendants and/or DOES, and each of them, to comply with *Labor Code* section 1174 is unlawful pursuant to *Labor Code* section 1175.

130.   CARDINAL LOGISTICS and/or DOES failed to maintain time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7), 9-1998(7) and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period and the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

131.   As a direct result of CARDINAL LOGISTICS' and DOES' unlawful acts, Plaintiff and the class he intends to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* section

30

CLASS ACTION COMPLAINT

226.

132.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fifth Cause of Action Against CARDINAL LOGISTICS and/or DOES: Failure to Reimburse/Illegal Deductions (Lab. Code §§ 221, 2802; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090)**

133.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

134.   An employer shall indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of the employees' duties, or the employees' obedience to the directions of the employer. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

135.   Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class members for, including, but not limited to lumper fees, scale fees, and/or other expenses for company and/or business related purposes.

136.   Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class Members for, including, but not limited to lumper fees, scale fees, and/or other expenses incurred as a direct consequence of the discharge of their work duties.

137.   Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiff and the Class Members for, including, but not limited to lumper fees, scale fees, and/or other expenses incurred in direct consequence of employees' obedience to the directions of Defendants and/or DOES.

138.   Defendants and/or DOES have had a continuous policy and/or practice of illegally

31

1   deducting wages, earned bonuses and/or incentives from employees.

2   139.   Said continuous policy and/or practice of failing to reimburse Plaintiffs and Class

3   Members and deducting wages from employees is illegal under *Labor Code* sections 221,

4   2802, and Cal. Code Regs. Title 8, section 11090(8).

5   140.   As a direct result of Defendants' and/or DOES' policy of failing to reimburse Plaintiff

6   and Class Members and deducting wages from employees, Plaintiff and those similarly

7   situated have been damaged in an amount to be proven at trial.

8   141.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

9   below.

10   **Sixth Cause of Action Against CARDINAL LOGISTICS and/or DOES: Failure to**

11   **Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§**

12   **201-203)**

13

14   142.   Plaintiff and those similarly situated class members hereby incorporate by reference each

15   and every other paragraph in this Complaint herein as if fully plead.

16   143.   *Labor Code* section 203 provides that, if an employer willfully fails to pay, without

17   abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202 and

18   205.5, any wages of an employee who is discharged or who quits, the wages of the

19   employee shall continue at the same rate, for up to thirty (30) days from the due date

20   thereof, until paid or until an action therefore is commenced.

21   144.   Plaintiff and those members of the proposed class who are former employees of

22   CARDINAL LOGISTICS and/or DOES are no longer employed by CARDINAL

23   LOGISTICS and/or DOES 1-100 and are entitled to, but have not received, compensation

24   for all wages owed that CARDINAL LOGISTICS and/or DOES did not pay to them.

25   145.   When Plaintiff and those members of the class who are former employees of

26   CARDINAL LOGISTICS and/or DOES separated from CARDINAL LOGISTICS'

27   and/or DOES' employ, Defendants and/or DOES willfully failed to pay all wages,

28

32

CLASS ACTION COMPLAINT

bonuses and/or incentives owed.

146. As a consequence of CARDINAL LOGISTICS' and/or DOES' willful conduct in not paying wages owed at the time of separation from employment, Plaintiff and members of the proposed class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

147. As a direct result of the unlawful acts of CARDINAL LOGISTICS and/or DOES, Plaintiff and the class they intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs.

148. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Seventh Cause of Action Against CARDINAL LOGISTICS and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

149. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

150. Defendants' and/or DOES' failure to pay all wages earned, failure to itemize and keep accurate records, failure to reimburse and/or indemnify employees for business expenses incurred as a consequence of the discharge of their work duties, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by *California Business and Professions Code* section 17200, et seq.

151. The actions of Defendants and/or DOES in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of *California Business and Professions Code* section 17200, et seq.

152. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as

33

CLASS ACTION COMPLAINT

members of the general public actually harmed and as a representative of all others subject to Defendants' and/or DOES' unlawful acts and practices.

153. As a result of their unlawful acts, Defendants and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class he seeks to represent. Defendants and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore them to Plaintiff and the members of the Plaintiff Class pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not paying all wages owed to Plaintiff and members of the proposed class.

154. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced by Defendants' and/or DOES' unfair trade practices.

155. As a direct and proximate result of the unfair business practices of Defendants and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants and/or DOES from engaging in the practices described herein.

156. The illegal conduct alleged herein is continuing, and there is no indication that Defendants and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if Defendants and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

157. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendants and/or DOES from continuing to not pay Plaintiff and the members of the proposed class overtime wages as discussed herein.

158. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

34

CLASS ACTION COMPLAINT

below.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That the Court determine that this action may be maintained as a Class action;

2.    For compensatory damages, in an amount according to proof at trial, with interest thereon;

3.    For economic and/or special damages in an amount according to proof with interest thereon;

4.    For compensation for all time worked and/or all miles driven;

5.    For compensation for not being provided paid rest breaks;

6.    For compensation for not being provided paid meal breaks;

7.    For compensation for failure to reimburse and/or indemnify;

8.    For compensation for illegally deducting bonuses and/or incentives;

9.    For unpaid wages, in an amount according to proof at trial, with interest thereon;

10.    For all monies for the violations of *California Labor Code* section 226.7;

11.    For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

12.    For all waiting time penalties owed;

13.    That Defendants be found to have engaged in unfair competition in violation of sections 17200 et seq. of the *California Business and Professions Code*;

14.    That Defendants be ordered and enjoined to make restitution to the class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

15.    That an order of specific performance of all penalties owed be issued under *California Business and Professions Code* sections 17202;

35

16. That Defendants be enjoined from continuing the illegal course of conduct alleged herein;

17. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the *California Business and Professions Code;*

18. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

19. For attorneys' fees;

20. For interest accrued to date;

21. For costs of suit and expenses incurred herein; and

22. For such other and further relief as the Court deems just and proper.

Dated: June 18, 2015                     **THE TURLEY LAW FIRM, APLC**


_____
William Turley, Esq.
Dave Mara, Esq.
Representing Plaintiff JUSTIN HOLMBY
on behalf of himself, all others similarly situated,
and on behalf of the general public.

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>William Turley, Esq. (SBN 122408)<br>The Turley Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br>TELEPHONE NO.: 619-234-2833   FAX NO.: 619-248-4048<br>ATTORNEY FOR *(Name):* Justin Holmby | **FOR COURT USE ONLY**<br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>JUN 22 2015<br>CLERK OF THE SUPERIOR COURT<br>By MARGARET J. DOWNEY<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Justin Holmby v. Cardinal Logistics Management Corporation

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | **CASE NUMBER:** |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG15774954 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):*
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: June 22, 2015
William Turley, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
  domain, landlord/tenant, or
  foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

EXHIBIT B



1  Drew R. Hansen, Esq. (State Bar No. 218382)
   Kenneth E. Johnson, Esq. (State Bar No. 115814)
2  Walter Peña, Esq. (State Bar No. 247469)
   THEODORA ORINGHER PC
3  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California  92626-7109
4  Telephone: (714) 549-6200
   Facsimile: (714) 549-6201
5
   Attorneys for defendant
6  CARDINAL LOGISTICS
   MANAGEMENT CORPORATION
7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF ALAMEDA**

10

11
   JUSTIN HOLMBY, on behalf of himself, all          Case No. RG15774954
12 others similarly situated, and on behalf of the
   general public,                                   **ANSWER OF DEFENDANT**
13                                                    **CARDINAL LOGISTICS**
                 Plaintiff,                           **MANAGEMENT CORPORATION**
14
         vs.
15                                                    Date Action Filed:     June 22, 2015
   CARDINAL LOGISTICS
16 MANAGEMENT CORPORATION, and                       Discovery Cutoff:      None Set
   DOES 1-100, INCLUSIVE,                            Motion Cutoff:         None Set
17                                                    Trial Date:            None Set
                 Defendants.
18

19

20

21

22

23

24

25

26

27

28

982473/81315.05002

*ANSWER OF DEFENDANT CARDINAL LOGISTICS MANAGEMENT CORPORATION*

Defendant CARDINAL LOGISTICS MANAGEMENT CORPORATION ("Defendant"), for its answer to the Complaint filed by Plaintiff JUSTIN HOLMBY on behalf of himself and the putative class of employees he purports to represent (collectively, "Plaintiffs"), hereby responds as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Defendant generally denies each and every allegation in the Complaint, and the whole thereof, and each and every allegation of each and every cause of action alleged therein. Defendant further expressly denies that as a direct or proximate result of any acts or omissions on the part of Defendant, Plaintiffs sustained or suffered injury, whether characterized as damages, costs, attorneys' fees, penalties, or otherwise, in the amount alleged in the Complaint, or in any amount at all.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant asserts the following separate and affirmative defenses to the allegations set forth in the Complaint. In characterizing its separate defenses as "affirmative defenses" for purposes of this list, Defendant does not thereby assume any legal or factual burden not otherwise assigned to it under the law.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint fails to state sufficient facts to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation/Statute of Repose)

2.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and periods of repose, including, but not limited to, those set forth in California Code of Civil Procedure §§ 338 and 340 and California Business and

THEODORA ORINGHER
COUNSELORS AT LAW

1  Professions Code § 17208, and/or any other applicable statute of limitation or statute of

2  repose.

### THIRD AFFIRMATIVE DEFENSE

#### (Federal Preemption)

3.      As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because the laws upon which Plaintiffs' claims are based conflict with and are preempted by federal law, including, but not limited to, by the Federal Aviation Administration Authorization Act.

### FOURTH AFFIRMATIVE DEFENSE

#### (Compliance with the Law)

4.      As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the actions taken by it were in full compliance with the law.

### FIFTH AFFIRMATIVE DEFENSE

#### (Exercise of Discretion)

5.      As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint is barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated because Plaintiffs seek relief based upon Defendant's lawful exercise of discretion.

### SIXTH AFFIRMATIVE DEFENSE

#### (No Duty)

6.      As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint is barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated to the extent that Plaintiff seeks civil penalties or other damages based on Defendant's alleged failure to perform duties that are not required by law.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Harm)

7.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint is barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated because Defendant's alleged acts and omissions did not harm Plaintiff or any member of the putative class he seeks to represent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

10.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that any award to the Plaintiffs in this action would constitute unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint is barred, in whole or in part, and/or

1  the penalties assessed in relation thereto must be reduced or eliminated due to the doctrine of

2  estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

12.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the named plaintiff, Justin Holmby, cannot assert claims on behalf of the putative class, because he is not an adequate class representative and his allegations are not suited for class or representative treatment.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

13.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the named plaintiff, Justin Holmby, cannot assert claims on behalf of the purported class, because his alleged claims are not typical of the other members of the putative class and the lawsuit is not suited for class or representative treatment.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

14.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the named plaintiff, Justin Holmby, cannot assert claims on behalf of the purported class, because the numerosity requirement necessary to maintain a class action cannot be satisfied.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Individual Inquiry Required)

15.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that class treatment is not appropriate because resolution of Plaintiffs' claims will require individualized examinations of each putative class member's individual experience.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Commonality)

16.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the putative class claims are barred because the claims of the named plaintiff, Justin Holmby, lack commonality with, and are not similarly situated to, the putative class that he purports to represent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Predominance)

17.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the claims of the putative class are barred because the types of claims alleged by Justin Holmby on behalf of himself and the allegedly aggrieved class he purports to represent are matters in which individual questions predominate and thus are not appropriate for class or representative treatment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Representation)

18.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the claims of the putative class are barred because neither the named plaintiff, Justin Holmby, nor his counsel are adequate representatives of the putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Violation)

19.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' causes of action are barred, in whole or in part, because Defendant complied with the law, and even if it did not, which Defendant vigorously denies, any alleged inadvertent violation of law was *de minimus* and not widespread.

THEODORA ORINGHER
COUNSELORS AT LAW

### TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

20.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that to the extent Plaintiffs lack standing or authorization to pursue this litigation, the Complaint is barred in whole or in part.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

21.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that any request for injunctive relief set forth in the Complaint is barred because Plaintiffs have an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

22.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims for penalties under the California Labor Code are barred because Defendant's alleged acts or omissions, which Defendant denies, were not willful.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Duplicative Recovery)

23.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint is barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated to the extent that such penalties are sought in this case in addition to other penalties or damages awarded for the same conduct in this, or any other action, because such duplicative recovery would constitute unjust enrichment and/or an excessive fine.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Liability)

24.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges the claims at issue are barred, in whole or in part, and/or

1    the penalties assessed in relation thereto must be reduced or eliminated to the extent that the

2    liability of Defendant is limited pursuant to a contractual provision or otherwise.

3                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

4                                     **(Res Judicata)**

5            25.    As a separate defense to the Complaint and each purported cause of action

6    contained therein, Defendant alleges that Plaintiffs' claims may be barred, in whole or in part,

7    based on principles of claim preclusion or res judicata.

8                          **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

9                                  **(Collateral Estoppel)**

10           26.    As a separate defense to the Complaint and each purported cause of action

11   contained therein, Defendant alleges that Plaintiffs' claims may be barred, in whole or in part,

12   based on principles of issue preclusion or collateral estoppel.

13                        **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

14                               **(Violation of Due Process)**

15           27.    As a separate defense to the Complaint and each purported cause of action

16   contained therein, Defendant alleges that Plaintiffs' claims may be barred because permitting

17   this action to proceed as a class or representative action, under the circumstances of this case,

18   would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth

19   Amendment to the United States Constitution and the California Constitution.

20                         **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

21                              **(Unconstitutionally Vague)**

22           28.    As a separate defense to the Complaint and each purported cause of action

23   contained therein, Defendant alleges that Plaintiffs' claims may be barred, in whole or in part,

24   because they are unconstitutionally vague and overbroad as applied to the facts and

25   circumstances of this case.

26                         **TWENTY-NINTH AFFIRMATIVE DEFENSE**

27                          **(Unconstitutionally Excessive Fine)**

28           29.    As a separate defense to the Complaint and each purported cause of action

THEODORA ORINGHER
COUNSELORS AT LAW

contained therein, Defendant alleges that Plaintiffs' claims may be barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated to the extent an award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and/or violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution or the Constitution and laws of the of State of California, including Article I, section 7 and Amendment 8 of the California Constitution.  *See, e.g., Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal. 4th 707; *Ratner v. Chemical Bank New York Trust Co.* (S.D.N.Y. 1972) 54 F.R.D. 412.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Release)

30.    As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims may be barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated due to the release of some or all of the asserted claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver/Discharge/Abandonment)

31.    As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims may be barred, in whole or in part, and/or the penalties assessed in relation thereto must be reduced or eliminated because such claims have been waived, discharged, and/or abandoned.

## THIRTY-SECOND  AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

32.    As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that under the equitable doctrine of setoff and recoupment, Defendant is entitled to offset all extra payments or overpayments and/or all obligations of Plaintiffs owed to Defendant against any judgment that may be entered against Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (The Labor Code Applies Only To California Employees)

33.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the claims set forth in the Complaint may be barred and/or must be reduced or eliminated to the extent that the named plaintiff, Justin Holmby, or any person he purports to represent does not reside in, and work primarily in, California because the provisions of the California Labor Code cited in the Complaint apply only to individuals who reside in, and work primarily in, California.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Plaintiffs Work in Interstate Commerce)

34.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the claims set forth in the Complaint may be barred and/or must be reduced or eliminated to the extent that the named plaintiff, Justin Holmby, or any person he purports to represent, work primarily in interstate commerce and therefore the provisions of the California Labor Code cited in the Complaint do not create or govern Plaintiffs' rights or remedies or give rise to any claim against Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Prejudgment Interest)

35.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that to the extent that Plaintiff seeks prejudgment interest, such relief must be denied because the claims at issue do not authorize Plaintiffs to recover prejudgment interest.  Moreover, the amount of any liability assessed to Defendant in this case is not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

36.     As a separate defense to the Complaint and each purported cause of action contained therein, Defendant alleges that it will rely on all available defenses at the time of

1  trial and reserve the right to amend its separate and affirmative defenses to include additional

2  defenses after the completion of discovery.

3  WHEREFORE, Defendant requests judgment as follows:

4  A.    That Plaintiff Justin Holmby take nothing by way of the Complaint;

5  B.    That this action cannot be maintained as a representative or class action;

6  C.    That judgment be entered against Plaintiffs;

7  D.    That Defendant be awarded its attorneys' fees and costs incurred in this case;

8  and

9  E.    That Defendant be awarded all other necessary and proper relief.

10

11  DATED: July 21, 2015          THEODORA ORINGHER PC

12

13  By:    *Drew R. Hansen*

14          Drew R. Hansen
           Attorneys for Defendant
15          CARDINAL LOGISTICS MANAGEMENT
           CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28

982473/81315.05002

11

*ANSWER OF DEFENDANT CARDINAL LOGISTICS MANAGEMENT CORPORATION*

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 535 Anton Boulevard, Ninth Floor, Costa Mesa, California 92626-7109.

5

6

7

On July 21, 2015, I served the following document(s) described as **ANSWER OF DEFENDANT CARDINAL LOGISTICS MANAGEMENT CORPORATION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

8

9

10

11

William Turley, Esq.                              Attorneys for Plaintiff ,
David Mara, Esq.                                       JUSTIN HOLMBY
THE TURLEY LAW FIRM, APLC
7428 Trade Street
San Diego, CA  92121
Tel. (619) 234-2833
Fax (619) 234-4048

12

13

14

**BY MAIL:**  I am "readily familiar" with Theodora Oringher's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Costa Mesa, California, on that same day following ordinary business practices.

15

16

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

Executed on July 21, 2015, at Costa Mesa, California.

18

19

_____

20

Lisa C. Glatter

21

22

23

24

25

26

27

28

EXHIBIT C

THE TURLEY LAW FIRM, APLC
Attn: Turley Esq, William
7428 Trade Street
San Diego, CA 92121

Cardinal Logistics Management
Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Holmby

Plaintiff/Petitioner(s)

VS.

Cardinal Logistics Management Corporation

Defendant/Respondent(s)
(Abbreviated Title)

No. <u>RG15774954</u>

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/03/2015 TIME: 02:30 PM DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/03/2015 TIME: 02:30 PM DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 06/23/2015          Leah T. Wilson  Executive Officer / Clerk of the Superior Court

By          digital
           _____
                                          Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/23/2015.

By          digital
           _____
                                          Deputy Clerk

EXHIBIT 2

1  Drew R. Hansen, Esq. (State Bar No. 218382)
   Kenneth E. Johnson, Esq. (State Bar No. 115814)
2  Walter Peña, Esq. (State Bar No. 247469)
   THEODORA ORINGHER PC
3  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California  92626-7109
4  Telephone: (714) 549-6200
   Facsimile: (714) 549-6201
5
   Attorneys for defendant
6  CARDINAL LOGISTICS
   MANAGEMENT CORPORATION
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | JUSTIN HOLMBY, on behalf of himself, all | Case No. _____

12 | others similarly situated, and on behalf of the
   | general public,                         | **DECLARATION OF HOLLY HARDIE**
13 |                                         | **IN SUPPORT OF CARDINAL**
   |                Plaintiff,               | **LOGISTICS MANAGEMENT**
14 |                                         | **CORPORATION'S CLASS ACTION**
   |         vs.                             | **NOTICE OF REMOVAL**
15
16 | CARDINAL LOGISTICS MANAGEMENT
   | CORPORATION,   and   DOES   1-100,
17 | INCLUSIVE,

18 |                Defendants.

19
20
21
22
23
24
25
26
27
28

982855.1/81315.05002                              1

*DECLARATION OF HOLLY HARDIE*

## DECLARATION OF HOLLY HARDIE

I, Holly Hardie, declare as follows:

1.      I am the Vice President of Human Resources of Cardinal Logistics Management Corporation ("Cardinal Logistics" or "Company"), defendant in the above captioned matter. I submit this Declaration in support of Cardinal Logistics' Class Action Notice of Removal. As the Vice President of Human Resources, I have access to business records and employment information regarding Cardinal Logistics' California operations ("Business Records"). The following facts are based upon my review and analysis of the Business Records, and I would be competent to testify regarding the same.

2.      Cardinal Logistics is a North Carolina corporation with its principal place of business in Concord, North Carolina. Cardinal Logistics' officers direct, control, and coordinate its activities from its headquarters in Concord, North Carolina.

3.      The Business Records show that between June 22, 2011, and the present, Cardinal Logistics employed approximately 600 California resident truck drivers that worked an aggregate of approximately 42,500 weeks during that period. Of the 600 California resident truck drivers, 430 stopped working for Cardinal Logistics at some point between June 22, 2011, and June 22, 2015.

4.      Cardinal Logistics' California resident truck drivers were paid on a weekly basis and thus received wage statements every week. The Business Records show that between June 22, 2011, and the present, approximately 325 California resident truck drivers received forty (40) or more wage statements, and approximately 275 California resident truck drivers received 39 or less wage statements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

Executed on July 22, 2015, in Concord, North Carolina.

_Holly Hardie_
Holly Hardie