UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HOLMBY and RUBEN SILVA, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>CARDINAL LOGISTICS MANAGEMENT CORPORATION,<br><br>                Defendant. | Case No. 15-cv-03382-RS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the Court on November 3, 2016 at 1:30 p.m., with The Turley Law Firm, APLC, and Humphrey & Rist, LLP, appearing as counsel for representative plaintiffs Justin Holmby and Ruben Silva ("Plaintiffs"), individually and on behalf of a putative class, and Theodora Oringer, PC, appearing as counsel for Cardinal Logistics Management Corporation ("Defendant"). The Court, having carefully considered the briefs, arguments of counsel and all matters presented to the Court and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    This Order incorporates by reference the definitions in the Joint Stipulation for Class Action Settlement and Release of Claims ("Settlement" or "Settlement Agreement") as though fully set forth herein, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2.     This Court has jurisdiction over the claims of the members of the Class asserted in this proceeding, personal jurisdiction over Plaintiffs and Defendant and the members of the Class as defined in the Settlement Agreement, and subject matter jurisdiction to approve the Settlement.

3.     The Court hereby approves the settlement terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and further finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure.

4.     This Court previously certified the Class for settlement purposes.  The Court hereby grants final certification approval, for settlement purposes, to the Class consisting of all drivers employed by Cardinal in the State of California from April 18, 2012, to August 15, 2016.

5.     Notice given to the Class Members was reasonably calculated under the circumstances to apprise the Class of the pendency of this class action, of all material elements of the proposed Settlement, and of their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the Final Approval Hearing. The notice was reasonable and the best notice practicable under the circumstances. A reasonable opportunity has been afforded to the members of the Class to participate in this hearing. Accordingly, this Court hereby finds that the notice program described in the Settlement Agreement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

6.     All Participating Class Members are bound by this Final Approval Order and Judgment and by the Settlement embodied therein, including the releases provided for in the Settlement and this Final Approval Order and Judgment. As of the Effective Date of Settlement, by operation of the entry of this Final Approval Order and Judgment, each Participating Class Member, including Plaintiffs, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

7.     <u>Release    of    Claims</u>:      The      Participating      Class      Members (which expressly excludes any Class Member who submitted a valid and timely request for

exclusion or "opt out" form) shall be deemed to have, and by operation of the Judgment shall have fully and finally released the Released Parties (as defined in the Settlement Agreement) including all disputes and claims that have been asserted, or could have been asserted, arising from the facts alleged in the Litigation, including the complaint in the consolidated action filed by Justin Holmby and Ruben Silva (i.e., Case No. 15-cv-03382-RS), the original complaints in the Holmby and Silva actions, the first consolidated amended complaint, and the Second Consolidated Amended Complaint filed in the Litigation, whether in an individual or representative capacity, including but not limited to all wage and hour claims, all claims for unpaid wages, off-the-clock work, meal periods, rest periods, wage statement and pay record violations, interest, damages, penalties, and attorneys' fees, waiting time penalties, and the related provisions of the California Labor Code including but not limited to California Labor Code Sections 201-203, 204, 226, 226.3, 226.7, 1174, 1194, 1194.2, 1198, 2698 et seq., derivative claims under California Business & Professions Code Sections §§ 17200 et seq., and claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. These include all claims that have been or could have been made by the Participating Class Members based on the facts alleged in the action filed by Justin Holmby and Ruben Silva (Case No. 15-cv-03382-RS), including the original complaints in the Holmby and Silva actions, the first consolidated amended complaint, and the Second Consolidated Amended Complaint filed in this Litigation, including claims not known or suspected to exist, against Defendant under federal, state or local wage and hour laws or regulations, including but not limited to claims under the California Labor Code, Wage Order No. 9-2001, the Private Attorneys General Act of 2004, and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including without limitation all claims for wages, restitution and other equitable relief, conversion, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation, attorneys' fees and costs, or any other relief from any other suit, class or collective action, or administrative claim, arising during the Class Period.

8.     The Court hereby finds the Individual Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the

1   calculations and the payments to be made and administered in accordance with the terms of the

2   Settlement.

3         9.      For the reasons set forth in the current Motion for Final Approval of Class Action

4   Settlement and Class Counsel's Application for a Fee and Expense Award, Class Counsel's requests

5   for a Fee Award in the amount of 25% of the Settlement Fund, and an Expense Award in the amount

6   of $22,568.98 for actual expenses, are hereby granted because Class Counsel's requests fall within

7   the range of reasonableness, the result achieved justified the award, and the expenses were

8   reasonably incurred.  The Fee Award should be calculated from the Settlement Fund after attorney

9   expenses ($22,568.98) and administrative expenses ($13,000.00) are subtracted, resulting in a final

10  Fee Award of $491,107.75.

11        10.     For the reasons set forth in the current Motion for Final Approval of Class Action

12  Settlement, Named Plaintiffs' request for Class Representative Service Payments in the amount of

13  Fifteen Thousand Dollars and no cents ($15,000.00) each is hereby granted.

14        11.     The request for settlement administration costs in the amount of $13,000.00 is hereby

15  granted and shall be paid to the Settlement Administrator, CPT Group, pursuant to the terms of the

16  Settlement Agreement.

17        12.     The request for civil penalties under PAGA in the amount of Five Thousand Dollars

18  and no cents ($5,000.00) is hereby granted.  Seventy-five percent (75%), or Three Thousand Seven-

19  Hundred and Fifty Dollars ($3,750.00), shall be paid to the California Labor & Workforce

20  Development Agency.  The remaining twenty-five percent (25%), or One Thousand Two-Hundred

21  and Fifty Dollars ($1,250.00), shall be allocated to the Net Settlement Fund.

22        13.     No other costs, fees or other relief shall be awarded, either against Defendant, the

23  Released Parties, or any related persons or entities, as defined in the Settlement Agreement, or from

24  the award to the Settlement Class.

25        14.     Pursuant to the terms of the Settlement Agreement, the instant action is dismissed

26  with prejudice, subject to Paragraph 17 below.

27        15.     Without affecting the finality of this Final Approval Order and Judgment, the Court

28  reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant

1    and all Participating Class Members, including Plaintiffs, to administer, supervise, construe and

2    enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

3        16.    Judgment is entered in accordance with the findings in this Order. This Judgment is

4    the Final Judgment in the suit as to all Settlement Class Members who have not excluded

5    himself/herself from the Settlement. The Court finds that there is no just reason for delay and

6    expressly directs the Clerk of the Court to enter Judgment immediately.

**IT IS SO ORDERED.**

DATED: November 4, 2016

The Honorable Richard Seeborg
U.S. District Court, Northern District of California